B1040 (FORM 1040) (12/24)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS Franklin Mint Federal Credit Union | DEFENDANTS Colleen M. Davis |
|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.) Corinne Samler Brennan, Esquire, Klehr Harrison Harvey Branzburg LLP, 1835 Market Street, Suite 1400, Philadelphia, PA 19103 | ATTORNEYS (If Known) Jeanne Marie Cella, Esquire, Jeanne Marie Cella and Associates, LLC, 221 N. Olive Street, Media, PA 19063 |
|---|---|

| PARTY (Check One Box Only)<br>□ Debtor      □ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor    □ Other<br>□ Trustee | PARTY (Check One Box Only)<br>☒ Debtor      □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor    □ Other<br>□ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Determination of Dischargeability of Debt Pursuant to 11 U.S.C. 523(a)(2)(A) and (a)(6).

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(a) – Recovery of Money/Property**
☐ 11-Recovery of money/property – §542 turnover of property
☐ 12-Recovery of money/property – §547 preference
☐ 13-Recovery of money/property – §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(b) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(c) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(d) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(e) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(f) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(f) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(g) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(h) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(i) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(j) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $25,719.93, plus interest, attorneys' fees, and costs |

Other Relief Sought
Declaration of non-dischargeability.

B1040 (FORM 1040) (12/24)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Colleen M. Davis | BANKRUPTCY CASE NO.<br>25-13165 (DJB) | |
| DISTRICT IN WHICH CASE IS PENDING<br>Eastern District of Pennsylvania | DIVISION OFFICE<br>Philadelphia | NAME OF JUDGE<br>Derek J. Baker |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>/s/Corinne Samler Brennan, Esquire | | |
| DATE<br>10/24/2025 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Corinne Samler Brennan, Esquire | |

### INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| | : | |
|     COLLEEN M. DAVIS, | : | Case No. 25-13165 (DJB) |
| | : | |
|     Debtor | : | |
| | : | |
| | : | |
| FRANKLIN MINT FEDERAL CREDIT UNION, | : | Adv. No. |
| | : | |
|     Plaintiff | : | |
| | : | |
|     v. | : | |
| | : | |
| COLLEEN M. DAVIS, | : | |
| | : | |
|     Defendant | : | |
| | : | |

**COMPLAINT OF FRANKLIN MINT FEDERAL CREDIT UNION
TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523**

Plaintiff Franklin Mint Federal Credit Union, by and through its undersigned counsel, hereby files this complaint to determine dischargeability of debt against debtor and defendant Colleen M. Davis (the "Debtor") pursuant to Section 523 of Title 11 of the United States Code (the "Bankruptcy Code"), and respectfully represents in support thereof as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.      The plaintiff is Franklin Mint Federal Credit Union ("FMFCU"), a federally-chartered credit union with a principal place of business at 5 Hillman Drive, Suite 100, Chadds Ford, PA 19317.

2.      The Debtor is an adult individual with a last known address of 30 Yale Square, Morton, PA 19070.

3.      This adversary is a core proceeding pursuant to Section 157(b) of Title 28 of the United States Code.  This Court has jurisdiction over this proceeding pursuant to Sections 157 and 1334(b) of Title 28 of the United States Code.

4.      This adversary proceeding arises in a case under the Bankruptcy Code pending in this District, and therefore venue properly lies within this District pursuant to Section 1409(a) of Title 28 of the United States Code.

## **FACTUAL BACKGROUND**

5.      On Friday, October 20, 2023, the Debtor deposited a check for Forty-Five Thousand and 00/100 Dollars ($45,000.00) (the "Check") into her savings account at FMFCU.

6.      On Tuesday, October 24, 2023, the Debtor wired Forty-Four Thousand Four Hundred Fifty and 00/100 Dollars ($44,450.00) out of her savings account.

7.      On Wednesday, October 25, 2023, the Federal Reserve returned the Check as "Refer to Maker" (i.e., the Check could not be processed, and FMFCU was directed to contact whomever wrote the Check).

8.      The returned Check caused a negative balance in the Debtor's savings account of Thirty-Eight Thousand One Hundred Seventy-Eight and 99/100 Dollars ($38,178.99) (the "Loss").

9.      The FMFCU Risk department determined that the foregoing transactions were fraudulent (the "Fraudulent Transactions").

10.     The Fraudulent Transactions are evidenced by the Restitution/Payment Plan Agreement (the "Agreement") dated November 21, 2023.  A true and correct copy of the Agreement is incorporated herein by reference and attached hereto as **Exhibit "A"**.

11.     Under the Agreement, the Debtor acknowledged that the Fraudulent Transactions resulted in the Loss and agreed to repay that amount to FMFCU in full.

12.     Pursuant to the Agreement, and starting in December of 2023, the Debtor agreed to pay FMFCU Six Hundred Thirty-Six and 32/100 Dollars ($636.32) per month for the next sixty (60) months, or until the negative savings account balance had been repaid in full.

13.     On August 7, 2025 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code.

14.     As of the Petition Date, there remained a balance of Twenty-Five Thousand Seven Hundred Nineteen and 53/100 Dollars ($25,719.53) due and owing to FMFCU under the Agreement.

15.     On August 14, 2025, FMFCU filed a proof of claim in the Debtor's bankruptcy case related to the Fraudulent Transactions. See Claim No. 5. A true and correct copy of Claim No. 5 is incorporated herein by reference and attached hereto as **Exhibit "B"**.

16.     Pursuant to the Agreement, the Debtor agreed to repay FMFCU in full for the Loss incurred on account of the Fraudulent Transactions.

17.     This debt is non-dischargeable pursuant to Section 523 of the Bankruptcy Code.

## COUNT I
### Non-Dischargeability of Debt
### (11 U.S.C. § 523(a)(2)(A))

18.     FMFCU hereby incorporates the preceding paragraphs by reference as if set forth in full herein.

19.     The Bankruptcy Code provides that a debtor will not receive a discharge of any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by…false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A).

20.     The Debtor engaged in the Fraudulent Transactions with an intent to profit therefrom at the expense and to the detriment of FMFCU.

21.     The Fraudulent Transactions caused FMFCU a Loss of no less than Thirty-Eight Thousand One Hundred Seventy-Eight and 99/100 Dollars ($38,178.99).

22.     Under the Agreement, the Debtor promised to repay FMFCU for the Loss in full and, in exchange, FMFCU would refrain from taking legal action against the Debtor related to the Loss.

23.     As of the Petition Date, the Debtor had not repaid FMFCU in full for the Loss.

24.     The Debtor incurred the obligation evidenced by the Agreement without any intent to repay FMFCU.

25.     As a result of the Debtor's willful conduct, FMFCU has suffered damages in an amount no less than Twenty-Five Thousand Seven Hundred Nineteen and 53/100 Dollars ($25,719.53), plus interest, attorneys' fees, and costs.

26.     The Loss, plus interest, attorneys' fees, and costs, are all non-dischargeable obligations under the Bankruptcy Code.

WHEREFORE, FMFCU respectfully requests that this Honorable Court (i) enter judgment against the Debtor and in favor of FMFCU in the amount of Twenty-Five Thousand Seven Hundred Nineteen and 53/100 Dollars ($25,719.53), plus interest, attorneys' fees, and costs (together, the "Judgment"), (ii) declare the Judgment to be non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A), and (iii) award such other and further relief to FMFCU as this Court may deem appropriate.

### COUNT II
### Non-Dischargeability of Debt
### (11 U.S.C. § 523(a)(6))

27.     FMFCU hereby incorporates the preceding paragraphs by reference as if set forth in full herein.

28.     The Bankruptcy Code provides that a debtor will not receive a discharge of any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity."  11 U.S.C. § 523(a)(6).

29.     The Debtor engaged in the Fraudulent Transactions willfully and with an intent to profit therefrom at the expense and to the detriment of FMFCU.

30.     The Debtor's engagement in the Fraudulent Transactions caused FMFCU a Loss totaling no less than Thirty-Eight Thousand One Hundred Seventy-Eight and 99/100 Dollars ($38,178.99).

31.     Under the Agreement, the Debtor promised to repay FMFCU for the Loss in full and, in exchange for that repayment, FMFCU would refrain from taking legal action against the Debtor.

32.     As of the Petition Date, the Debtor had failed to repay FMFCU in full.

33.     The Debtor incurred the obligation evidenced by the Agreement without any intent to repay FMFCU.

34.     As a result of the Debtor's willful conduct, FMFCU has suffered a Loss in an amount no less than Twenty-Five Thousand Seven Hundred Nineteen and 53/100 Dollars ($25,719.53), plus interest, attorneys' fees, and costs.

35.     The Loss, plus interest, attorneys' fees, and costs, is non-dischargeable under the Bankruptcy Code.

WHEREFORE, FMFCU respectfully requests that this Honorable Court (i) enter the Judgment against the Debtor and in favor of FMFCU; (ii) declare the Judgment to be non-dischargeable pursuant to 11 U.S.C. § 523(a)(6), and (iii) award such other and further relief to FMFCU as this Court may deem appropriate.

Respectfully submitted:

**KLEHR HARRISON HARVEY BRANZBURG LLP**

By:    */s/Corinne Samler Brennan*
Corinne Samler Brennan, Esquire
1835 Market Street, Suite 1400
Philadelphia, PA 19103
Telephone: (215) 569-3393

*Counsel to Franklin Mint Federal Credit Union*

Dated: October 24, 2025